(No. 3946—

Bertha Parks Grisham, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed March 25, 1947.*

R. W. Harris and D. L. Duty, for claimant.

George F. Barrett, Attorney General; C. Arthur Nebel, Assistant Attorney General, for respondent.

ECKERT, C. J.

On April 11, 1945, claimant, Bertha Parks Grisham, employed by the respondent as an attendant at the Anna State Hospital, Anna, Illinois, while scrubbing the floor of the office of Ward E-2, slipped and fell, sustaining a transverse fracture through the body of the first segment of the coccyx. She landed in a sitting position and then fell backwards, striking the back of her head.

She was first attended by Dr. Doggett, a member of the hospital staff. X-rays were taken, and claimant was hospitalized for a period of one week. The X-rays showed the fracture of the coccyx, but showed no evidence of fracture or dislocation in the cervical region.

Upon her release from the hospital, claimant went to her home, but on May 26, 1945, returned to the institution, complaining of severe pain in the back of her neck. X-rays were again taken, including the atlas and axis; again, no evidence of fracture or dislocation appeared.

At the time of the injury, the employer and employee were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of claimant's employment.

During the year immediately preceding the injury, claimant's earnings totalled $1,440.00. Her average weekly wage was $27.69, and her compensation rate is $13.85. The injury having occurred subsequent to July 1,

1943, this must be increased 17½%, making a compensation rate of $16.27 per week. The respondent furnished all medical, surgical, and hospital services, except services in the amount of $150.00 which claimant paid personally. Respondent also paid claimant, for non-productive time, from the date of the injury to October 11, 1945, the sum of $517.17. Claimant is fifty-five years of age and has no children under the age of sixteen years. She seeks an award for total permanent disability.

From the report of the Department of Public Welfare, which forms a part of the record, it appears that claimant was treated, during the summer of 1944, by Dr. Henry A. Utter for rheumatic fever, and that X-rays taken at that time showed claimant to have a chronic productive osteoarthritis, as evidenced by a lipping and roughening of the vertebral body in the cervical and lumbar region. X-rays taken approximately a year later, and following the injury, showed a marked increase in the osteoarthritis deposits, in the lipping on the anterior surface of the bodies of all cervical vertebrae, and a beginning bridging between the vertebrae. As of July 28, 1945, it appeared that claimant had a far advanced productive progressive osteoarthritis involving the bodies of all the cervical vertebrae which had progressed rapidly during the preceding year. This report also indicated that X-rays of the coccyx, taken on July 28, 1945, showed a strong union at the point of fracture, with good alignment, and no deformity.

The claimant, testifying on her own behalf, stated that she has not been able to work since the accident, that she suffers constant pain in the region of the coccyx, that when she sits down, she changes from side to side in an unsuccessful attempt to obtain relief, that she is unable to be on her feet very long at a time, and that she

is able to do only a little house work, such as cooking, making her bed, and keeping the house in order. She employs others to do her washing and cleaning. She testified that her "head has never been right" since the fall, that her neck hurts, and is stiff, and difficult to turn in either direction. She stated:

"I haven't improved, I think, in fact that I am just gradually growing worse. I don't feel that I am as well as I was after I recovered to a certain extent when I first got injured."

Upon cross-examination, claimant stated that she has not tried to take any employment since the injury; that she is able to talk and to use both of her arms; that prior to her work at the Anna State Hospital, she kept house for herself and her husband; that her husband is still working at the institution; and that she keeps house, excepting that she is not able to do the washing and heavy cleaning. She also admitted that on December 12, 1945, she had a cerebral hemorrhage, and since that time has not had full use of the entire right side of her body.

Dr. Henry A. Utter, called as a witness for claimant, testified that he first saw claimant in December, 1945, at the time she suffered the cerebral hemorrhage. The doctor's examination at that time revealed an arteriosclerotic condition, and a possible arthritic condition. Dr. Utter indicated that such a condition would be accelerated or aggravated by a fall. He considered claimant's condition to be permanent.

On cross-examination, Dr. Utter stated that arteriosclerosis could not be caused by a fall. He stated that he was unable to determine the cause of the arthritic condition, or how long it had existed. On re-direct examination, the doctor indicated that claimant's present condition could be caused by a fall, if the fall were severe enough.

Dr. William A. Baker, testifying on behalf of claimant, stated that he first saw claimant on June 4, 1945, at which time he examined claimant and took X-rays. The X-rays showed a chronic osteoarthritis, and his examination disclosed a moderate degree of arteriosclerosis. Dr. Baker stated that the fracture of the coccyx would not cause a permanent disability, but stated that the arthritic condition or the arteriosclerotic condition would likely be aggravated by claimant's fall.

Dr. Baker also testified that he last examined claimant on July 29, 1945, and at that time found the condition of the cervical region worse than it had been previously, but that the region of the coccyx had much improved. Dr. Baker stated that he believed the arthritic condition in the cervical region was aggravated by the injury, but he expressed the opinion that the cerebral hemorrhage had no connection with the fall. On cross-examination Dr. Baker stated that the arthritis had nothing to do with the fall whatsoever.

Although the medical testimony is contradictory, it appears that the claimant, prior to the fall, was suffering from arteriosclerosis and a chronic osteoarthritis; that subsequent to the injury, she suffered a cerebral hemorrhage which was not caused by the injury; and that the fall aggravated the pre-existing arthritic condition. The record, on the whole, sustains claimant's contention that as a result of the injury she is totally and permanently disabled within the meaning of the Workmen's Compensation Act of this State.

Claimant is, therefore, entitled to an award in the sum of $4,700.00 less the sum of $517.17, paid claimant for non-productive time, or the sum of $4,182.83, and thereafter a pension for life equal to 8% of $4,700.00, or $376.00 per year, payable in equal monthly installments.

Claimant is also entitled to be reimbursed in the sum of $150.00 on account of moneys expended by her for medical services.

The testimony on hearing before Commissioner Jenkins was transcribed by Ruth A. Coffman who has submitted a statement of $27.40 for her services. This charge is reasonable and proper.

An award is therefore entered in favor of claimant, Bertha Parks Grisham, in the amount of $4,332.83 payable as follows:

$ 150.00    Reimbursement for medical services, is payable forthwith;

$1,627.00    Which has accrued, is payable forthwith;

$2,555.83    To be paid in weekly installments of $16.27 per week beginning March 20, 1947 for a period of 157 weeks, with a final payment of $1.44;

Thereafter a pension for life in the sum of $376.00 annually, payable in monthly installments of $31.33.

An award is also made in favor of Ruth A. Coffman for stenographic services in the amount of $27.40 which is payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."